108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jennibeth Po SY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70013.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1997.*
Decided March 14, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jennibeth Po Sy appeals the Board of Immigration Appeals' dismissal of her challenge to the Immigration Judge's ruling that she was not eligible for asylum or withholding of deportation. We affirm.
 
 I.
 
 3
 Sy, a twenty-seven year old woman of Chinese descent who is a citizen of the Philippines, entered the United States on November 10, 1990, as a nonimmigrant visitor. She was permitted to stay in the U.S. for six months until May 10, 1991; however, she remained here illegally beyond that time.
 
 
 4
 Sy was issued an order to show cause why she should not be deported on December 21, 1992. She admitted its factual allegations, conceded deportability, and submitted an application for political asylum, which is also considered a request for withholding of deportation. She stated that if she returned to the Philippines she would either be kidnapped or killed. She submitted an affidavit by her father who had been the victim of several violent incidents in the Philippines beginning in 1960 and ending some time ago.[1] However, Sy offered no evidence that she was either "directly or indirectly the victim of any threat, or of any acts of aggression, harassment, or persecution[.]" Aruta v. INS, 80 F.3d 1389, 1392-93 (9th Cir.1996). Furthermore, several of Sy's family members have remained in the Philippines without incident, and Sy herself remained voluntarily for several years because she wished to finish her schooling there. Substantial evidence supported the Board of Immigration Appeals' decision that Sy did not demonstrate a "well-founded fear of persecution" and is thus ineligible for the discretionary grant of asylum. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).[2] Accordingly, the decision of the BIA is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Sy's claim that she should be granted asylum because her brother was granted asylum using the same affidavit must fail. Her brother received asylum from an asylum officer. Sy had a hearing before an Immigration Judge at which her father testified in person
 
 
 [2]
 Because the standard for withholding of deportation is more exacting than that for asylum, Sy is not eligible for that form of relief either